HOLTON v. HOLTON.

Separate creditors of an individual partner have a preference over the separate estate of their debtor, for the satisfaction of their debts, until it has been actually applied in payment of partnership debts; and any executory attempts, by sale or otherwise, with notice, to divest the separate property or funds of the individual debtor from the payment of his separate debts, to the discharge of a partnership liability of the firm of which he is a member, is in principle a fraud on the rights of a creditor of the individual debtor, and void as to him.

ASSUMPSIT, upon a promissory note of the principal defendant, payable to the plaintiff. The disclosure of

Carpenter, the alleged trustee, having been taken, the questions arising thereon were transferred to this court for determination. The facts, material to the decision, sufficiently appear in the opinion of the court.

*Woods & Binghams,* for the plaintiff.

*Carpenter,* for the trustee.

FOWLER. J. From the disclosure of the trustee, and the accompanying affidavit of the principal defendant, annexed to and made a part of the disclosure, it appears that the trustee holds in his hands the proceeds of a note belonging to the principal defendant, amounting to $54.25, less his commission for collecting the same, $1.36, making a net amount of $52.89, under an arrangement with the principal defendant, made with the full knowledge of the character of the fund, that the same shall be applied towards the payment of a debt due from the principal defendant and one Squires C. Brown, jointly, as partners, to one John H. Rowell. This fund has been attached by the plaintiff in a suit brought by him to recover an individual debt of the principal defendant, and the question raised is, whether this money shall be holden by the attachment to pay the individual debt of the defendant, or shall go under the executory arrangement made by him with the trustee, to pay the partnership debt of Holton & Brown.

It may be considered as the well established rule of law in this State, that the separate creditors of a partner have a preference over the separate estate of their debtor, for the satisfaction of their debts, until it shall have been actually and legally appropriated and applied in payment of partnership debts; and that any attempt, by sale or otherwise, with notice, to divert the separate property or funds of the individual debtor from the payment of his separate debts, to the discharge of a partnership liability of the firm of which he may be a member, is in principle

a fraud on the rights of a creditor of the individual debtor, and void as to him. *Jarvis* v. *Brooks,* 23 N. H. 136; *Crockett* v. *Crain,* 33 N. H. 542; *Ferson* v. *Monroe,* 21 N. H. 462; *Lovejoy* v. *Bowers,* 11 N. H. 404; *French* v. *Lovejoy,* 12 N. H. 458; *Tappan* v. *Blaisdell,* 5 N. H. 190; *Morrison* v. *Blodgett,* 8 N. H. 248.

Applying this rule to the state of facts apparent from the disclosure of the trustee in the case before us, it is quite clear that the assignment or executory agreement of the principal defendant, whereby his separate and individual fund was to be applied by the trustee, with full knowledge of its character, to the payment of a partnership debt, having for its sole object the diversion of that fund from the payment of his separate debt to the discharge of the partnership liability, was a fraud upon the rights of the plaintiff, and must be holden void as against his attachment of the fund, before its actual application to the part payment of the partnership debt.

The trustee must, therefore, be charged for $52.89, the net proceeds of the note belonging to the principal defendant still remaining in his hands, less his costs in the present proceeding.

*Trustee charged.*